## The Susquehanna Insurance Co. *against* Perrine.

It is one of the principles of a mutual insurance company that a party insured shall, *ipso facto*, be a member of the corporation, and, as such, bound by all its by-laws: hence, one which makes the surveyor of the company the agent of the insured, relieves the company from responsibility in consequence of the inaccuracy of the survey, or its want of compliance with the requisitions of the by-laws.

If the particulars of description which are required by the by-laws of a mutual insurance company to be stated in the application be omitted, the policy granted upon it creates no liability on the part of the company.

ERROR to the Common Pleas of *Susquehanna* county.

This was an action upon the case by Henry Perrine against The Mutual Insurance Company of Susquehanna county, to recover the amount of loss sustained by the plaintiff by reason of the

burning of the stock in his tannery and his saw-mill.　The Act incorporating the defendants was passed the 21st March 1839, by which they were created a mutual insurance company.　In pursuance of their charter and by-laws, the property of the plaintiff was insured to the amount of $1600; to recover which this action was brought.

The defence was that the application for the insurance was not in conformity with the by-laws of the Company.　One of those by-laws, which prescribed the conditions of insurance, was as follows:

"All applications for insurance must be made in writing, according to the printed forms prepared by the Company.　Such applications shall contain the place where the property is situated; of what materials it is composed; its dimensions, number of chimneys, fireplaces and stoves; how constructed, and for what occupied; its relative situation as to other buildings; distance from each, if less than ten rods; for what purpose occupied; and whether the property is encumbered; by what, and to what amount; and, if the applicant has a less estate than in fee, the nature of the estate.

Such applications may be made either by the applicant or by a surveyor, and in all cases the insured will be bound by the application; for the purpose of taking which, such surveyor will be deemed the agent of the applicant.

The description of property should be minute and particular, and the applicant given to understand that the surveyor is his agent for such purpose, and that he will be held responsible for the correctness of the application."

The policy also contained the following provision:

" This policy being made and accepted upon the representation of the insured, contained in his application therefor, (to which reference is to be had), it is fully understood by and between the parties hereto, that if said representation does not contain a full and true exposition of all the facts and circumstances in relation to the condition, situation, value and risk of the property hereby insured, so far as the same are material to the risk; or if the situation of the property or the circumstances affecting the risk shall, during the time this policy would otherwise continue, be altered or changed, by or through the advice, consent or agency of the insured, or his assigns, or otherwise howsoever, so as to increase the risk hereby assumed; or if the said property shall be sold or conveyed in whole or in part; or if this policy shall be assigned without the consent of the said Company; or if any other insurance has been or shall hereafter be made upon said property or any part thereof, by said insured or his assigns, or for their use and benefit, without the knowledge and consent of said Company; then, and in every such case, the risk hereby assumed shall cease, and this policy shall become void."

[The Susquehanna Insurance Co. v. Perrine.]

The plaintiff's application for insurance and description of the property was drawn up by the surveyor appointed by the Company, and was as follows:

No. 230, Application of Henry Perrine, in the county of Wayne, for insurance against fire in the Susquehanna Mutual Insurance Company, for the sum of —— dollars, to wit:—

| | | | |
|---|---|---|---|
| On Saw-mill, | $600 | Estimated value in cash, exclusive of land, | $900 |
| Household furniture therein, | | Estimated value, | |
| Provisions and grain therein, | | Estimated average value, | |
| Barn and shed adjoining, | | Estimated value, exclusive of land, | |
| Hay in the said barn, | | Estimated average value in winter, | |
| Grain in the said barn, | | Estimated average value, | |
| Stock in his tannery, such as hides, | 1000 | Estimated value in cash, exclusive of land, | |
| Bark and goods contained therein, | | Estimated average value, | 2500 |
| Amount, | $1600 | | |

Rate at 15 and 20 per cent.
Amount of premium note, $270.  Six per cent. to be paid, $16.20.

Where situated.—In Clinton, Wayne county, Pa.

Of what materials, and whether new or old.—The saw-mill is about 20 feet by 40 feet; has been recently rebuilt of wood.

Size of building, number of chimneys, fireplaces and stoves.—The stock consists of bark, hides, &c.; the building are occupied as a leather factory, a steam engine used for heating vats, &c.  Building insured by the Wayne M. Insurance Co. for $2500.

Relative situation as to other buildings, distance from each if less than 10 rods, for what purpose occupied, and by whom.—The building in which the stock is deposited is 40 by 90 feet; two stove-pipes enter chimneys well secured.  The boiler of the engine is carefully secured by a double arch, with a flue passing into a chimney.

Whether encumbered, by what, to what amount; if not encumbered, say so.—Judgment of $1200.                                          HENRY PERRINE.

June 2, 1841.

The proof on the trial was that the factory and saw-mill were within five rods of each other, and that the dwelling-house of the plaintiff and his barn were within ten rods of his factory.

The court below was of opinion that if the description given by the plaintiff to the surveyor of the Company was fairly made, and the Company afterwards acted upon that description and made the contract of insurance, they were bound by it.

*Bentley* and *Williston*, for plaintiff in error.  The policy of insurance and the by-laws of the Company make the contract of the parties; it is the express condition of these that contiguous buildings shall be described.  How then can the Company be affected by the acceptance of the application and granting the policy upon it?  They supposed it to be a fair description—a true

exhibition of all the risks; but it turns out on the proof that the greatest cause of risk was not described at all: this is conclusive against the plaintiff's right to recover. 5 *Hill* (*N. Y.*) *Rep.* 188. The plaintiff was a member of the Company, and therefore bound to take notice of their by-laws. 4 *Law Lib.* 5. 38. It does not alter the case, even if the true description were given to the agent; first, because he was his own agent, and again because it was not in writing. 5 *Hill Rep.* 101.

*Kidder* and *Greenough*, contra. It will be perceived that there was a blank description furnished by the agent of the Company to the plaintiff; to the fourth matter of description there was nothing returned, and yet the Company acted upon it and entered into the insurance; they should therefore be bound. 5 *Rawle* 342. But fraud, concealment or misrepresentation are matters of fact for the jury—are not to be presumed in a case like this. 4 *Binn.* 224. It would be fraudulent in the Company to receive the application, the premium paid by the plaintiff, act upon it, grant the policy, and then say that the application was insufficient in a point which was just as apparent then as it was made by the proof in the case. 4 *Law Lib.* 18; 2 *Kent* 296.

The opinion of the Court was delivered by

Gibson, C. J.—A regulation established by a by-law is not obligatory on a stranger; and, if the plaintiff were such, he would not be affected by the blunder of the Company's surveyor, notwithstanding the terms of application prescribed by the conditions of insurance. But the Act of incorporation provides that a party insured shall, *ipso facto*, be a member of the Company; and on no other plan could a mutual insurance company be constituted, the object of the members being to share each other's losses for the general weal, and not to bear the risk of losses for a premium. The argument for the plaintiff is that he was not a member till the policy was sealed, and that, being a stranger during the preparatory steps, he was not bound at the time material to the question by the condition which exacts that, in receiving an application for insurance, the surveyor shall be the agent of the applicant. But the plaintiff was bound to know from the Act of incorporation, according to which the Company professed to deal with him, that he was going to become a member of it; and the presumption is that he made himself acquainted with its regulations, including the instructions to surveyors to require a minute and particular description of the property, and " give the applicant to understand that the surveyor is *his* agent for that purpose, and that he (the applicant) will be held responsible for the correctness of the application." What matters it, then, that it was the surveyor who falsely filled up the application from the full and accurate information communicated by the applicant, when the latter was bound

to know that the surveyor was acting in the business as his instrument, and not as the instrument of the Company? The case is doubtless a hard one, as the surveyor, who was entirely unfit for the place, had been selected for the service by the Company. But then the plaintiff was not bound to employ him. He was at liberty to fill up the application with his own hand, and, had he done so, the printed form would have been an unerring guide. He thought proper, however, to trust to the defective capacity of the surveyor, and it is our business to prevent the hardship of the case from running away with the law.

The plaintiff, then, is bound by the application as it was filled up, and it is faulty in a decisive particular. It was made a leading condition that it contain a description, not only of the place, materials, dimensions and construction of the property, but also of "its relative situation as to other buildings, and distance from each if less than ten rods." The principal building of the tannery was within twenty feet of the saw-mill; and though its contiguity materially increased the risk as to the whole, that fact was not stated. But it has been argued that as the property was insured entire, the condition has regard, not to particular parcels of it, but to *other* buildings in the neighbourhood; or, to express it differently, buildings not included in the same policy. That construction rests on a single word, and it is too literal to be sound. The object was to have a disclosure of every material cause of danger, and whether it were internal or external could not be of consequence, provided a greater degree of risk were induced by it. It is that which regulates the premium, and it is therefore important to be known. Besides, it was in clear proof that uninsured buildings were within the distance. There has been, then, a fatal want of compliance with the particular requisite of the conditions, and this makes it unnecessary to examine the other points of defence, further than to say they would probably not be found tenable.

The case before us differs from *Moliere* v. *The Pennsylvania Fire Insurance Co.* in the important particular that the secretary, who in that case was the agent and man of business of the Company, as a cashier is the agent and man of business of his bank, was the author of the misdescription, if there was one. A full, particular and true description of the building had been verbally delivered to him according to the tenor of the Company's printed proposals and conditions, which did not require it to be in writing; and in that particular, also, there is another material difference. Nothing required by the conditions, nor anything material to the risk, had been kept back; and from the perfect disclosure thus made, the secretary culled the description with which he thought proper to fill up the order and the policy, calling the building a brick ice-house, without noticing the fact that the brick walls were surrounded by a screen of boards a few feet distant, to protect them from the violent action of the heat or the external

[The Susquehanna Insurance Co. v. Perrine.]

air. For want of a more appropriate designation, he chose to insure this nondescript and its appendage as a brick ice-house; and, as the walls were the principal, while the screen followed them as an accessory, who can say that he did not call it by its name? But if there were a true representation of every material circumstance, the name would be unimportant; for the parties might, as in fact was done, show the meaning of it by parol evidence, introduced, on a very familiar principle, not to contradict the written description, but to explain a latent ambiguity in it. It was no more necessary to name the screen than it was necessary to name the roof, for each was equally a part of the building; and if the ensconcing of the brick walls in a wooden shelter were calculated to enhance the risk, the evidence was proper to show that it had not been concealed. But the ground on which the cause was put by the Judge who delivered the opinion of the court, seems to me impregnable. A policy of insurance, like any other instrument, may be reformed for mistake of the scrivener; and had the Company availed itself of the accidental misconception of its officer, it would have committed a fraud. But, in the case before us, all was done at the peril of the insured; and the defaults of the surveyor being his defaults, the Company might conscientiously avail itself of them. The jury ought, therefore, to have been told that he was not entitled to recover.

Judgment affirmed.