KENNEDY and others *vs.* THE ST. LAWRENCE COUNTY MUTUAL INSURANCE COMPANY.

Where a policy of insurance against fire referred to the application of the insured thus: " reference being had to the application, &c. for a more particular description, *and as forming a part of this policy*," HELD that the application formed a part of the contract, and was a warranty.

Where the insured was required to state in his application the number of buildings within ten rods of that in which the goods insured were deposited, and omitted to state all the buildings within that distance, *held* that the warranty was broken, and the insured could not recover.

This rule applies as well to a policy of insurance on *goods* deposited in a store, as to a policy on the building itself.

If there be in the policy a warranty with respect to the number of the buildings within ten rods, and the warranty be broken, the fact that the agent of the insurers drew the application, and knew of the existence of the buildings omitted, is immaterial.

The rule which prevails upon sales of property, that a warranty does not extend to defects which are known to the purchaser, does not apply to warranties contained in contracts of insurance.

THIS was an action upon a policy of insurance against loss or damage by fire. On the trial, before Justice Willard at the St. Lawrence circuit, in August, 1849, the plaintiffs were nonsuited; and from the judgment entered at the circuit they appealed. The facts, and the legal questions arising thereon, are stated in the opinion of the court.

*Dart & Baldwin,* for the plaintiffs.

*S. Foote,* for the defendants.

*By the Court,* WILLARD, P. J. This was an action on a policy of insurance, to recover the value of certain goods of the plaintiffs, destroyed by fire on the 2d of January, 1849, in a store in Hopkinton, of which the plaintiffs were the lessees. Among other grounds of defense set up in the answer, it was stated " that the insured did not, although requested so to do, truly

describe in their application the true nature and hazard to the goods, for that there were other buildings within ten rods of the store not mentioned in the said application." The plaintiffs in their reply alledged " that there were no other buildings, at the time of the fire, than those mentioned in the application, within ten rods of the said store." An issue, therefore, was distinctly taken on the fact of the existence of other buildings within the ten rods, and it is admitted by implication, because it is not denied, (*Code,* § 168,) that the plaintiffs were *required* to set forth all the buildings within the ten rods. On that issue, the evidence was incontestably in favor of the defendants. If the issue was a material one, the nonsuit was correctly granted.

The policy of insurance referred to the application by its number, for a more particular description of the goods insured, and treated it " *as forming a part of the policy.*" This form of expression has been repeatedly held to constitute a warranty, as much so as if the application were incorporated in the policy, and formed a component part of it. (*Burritt* v. *The Saratoga Mut. Ins. Co.,* 5 *Hill,* 188. *Roberts* v. *The Chenango Mutual Ins. Co.,* 3 *Id.* 501. *Trench* v. *Same,* 7 *Id.* 122.) The same cases, and numerous others, show that if a warranty in a fire policy be broken the insured can not recover; whether the facts warranted against be material to the risk or not. (2 *Comst.* 43. 3 *Id.* 122.)

It is argued by the plaintiffs' counsel that this doctrine is not applicable to a policy on goods, and relates exclusively to one on buildings. The case of *Trench* v. *The Chenango Ins. Co.* (7 *Hill,* 122,) is relied on as establishing this distinction. In that case the policy, after specifying the amount insured, proceeded thus : " reference being had to the application of the said J. and T. T. [the insured] for a more particular description, and the conditions annexed, as forming a part of the policy." The court held that this language did not constitute the *application* a part of the policy, but only the *conditions annexed.* And they further held, that the conditions, in that part which required a statement of the " *relative situation as to other buildings ; distance from each, if less than ten rods,*" was inapplicable to per-

sonal property, and had no reference except to buildings. The difference between that case and this is that in that, the *application* was not made a part of the policy, but only the conditions; whereas in the present case, the *application* is expressly made part of the policy, and the conditions are not. The words of the policy are, " On goods in Hopkinton store, $1800—reference being had to the application of said Kennedy & Brother, No. 5776, for a more particular description, *and as forming a part of this policy.*" In a subsequent part of the policy it is stated that the by-laws of the company are to be used and resorted to to explain or ascertain the rights and obligations of the parties, in all cases not otherwise provided for. Those by-laws are not made a part of the case, nor were they a part of the policy as in the case in 7 *Hill,* 122.

This case is still further distinguishable from *Trench* v. *The Chenango Mutual Ins. Co. (supra,)* in this ; that it is conceded by the pleadings in this case, that the insured were *required to state the number of buildings within ten rods* of that wherein the property insured was deposited, and an issue was joined on the question whether there were or were not other buildings within the ten rods, not mentioned in the application, and that issue was proved in favor of the defendants. The parties had a right to make a warranty in relation to the situation of personal property, as well as in reference to buildings. It was as material to the risk in the one case as the other. The plaintiffs having made the warranty, can not recover without showing it was complied with.

Another ground taken by the plaintiffs' counsel is, that the interrogatories in the application did not call for a description of *all* the buildings within ten rods, and that the description is true as far as it goes. It is in these words : " The following are ALL buildings within ten rods of each of the buildings above named, [the store and barn insured] their material, their present uses, and the distance of each from the buildings above named, to wit; two buildings within ten rods, W. Post's dwelling house 5½ rods, O. Stevens' 6 rods. The building is safe. Only one fire and that safe. *Both* of the buildings are small, and would

not endanger the store if they should burn." The goods are described in the application as being in R. Hopkins' store, Hopkinton, St. Lawrence county, N. Y. The application was subscribed by the plaintiffs, and the most material part of the filling up was in their own hand-writing. The plain and obvious import of the language of the application is, that there were no other buildings, within ten rods, than those mentioned. This is as clearly implied as if it had been directly affirmed. In *Gates* v. *The Madison Co. Ins. Co.* (2 *Comst.* 43,) in answer to the usual questions in the printed form of an application, the insured gave the *nearest* buildings on each side, and their respective distances from the building insured. It did not say that those were *all* the buildings within ten rods. When that case was before the supreme court for the fifth district, (3 *Barb. S. C. Rep.* 73,) it was held that that mode of answering the questions was a withholding information material to the risk, which was called for by the interrogatory, and that that, according to *Burrett* v. *Saratoga Mut. Ins. Co.*, (5 *Hill*, 191, 192,) constituted a defense to the action. There were in fact other buildings, of a hazardous character, within the ten rods. The court of appeals, however, held that the response was an apt one as far as it went, and was not a warranty that those were all the buildings within the distance mentioned. The term "*nearest*" implied that there might be other buildings more remote, but within the range of the ten rods. The company, by issuing the policy upon the application, must be presumed to have been satisfied with the answer, or they would have called for a fuller response. Here, clearly, was no false warranty as to the number of buildings within the range of the inquiry. The case is obviously distinguishable from the one at bar.

Although it does not appear by the printed case that the description of the two buildings in the application was given in answer to any interrogatory contained in the printed blank, yet we know that it was in fact so given, the words of interrogation having been obliterated and the answer written over the erasure. But it is not material that the interrogatory should be in the printed application. If the insured were required, by parol, to

set forth all the buildings within a given space, the effect of an erroneous or fraudulent answer would be the same as if the request had been in writing or print. The defendants in their answer say that the plaintiffs " *were expressly required by the defendants to describe truly the true nature of the risk* and hazard to the said goods; the distance of all the buildings, within ten rods of the store in which the goods were," &c. &c. The reply of the plaintiff does not take issue upon this requirement, and therefore, according to § 168 of the code, admits it.

There is one element in this case, which remains to be considered. The reply, by way of avoidance, alledges that the application was drawn and framed by H. S., the authorized agent of the defendants for making surveys, and making and receiving applications, upon a view of the premises where the said store was situate, and where the said goods were; and he wrote and revised the same in the day time, in the said store, in full and fair view, and knowledge of all other buildings, within ten rods thereof, and in full knowledge of all the matters and things tending to affect the risk, and inserted and specified in said application such buildings as he chose, and in such manner as he chose, &c. &c. On the trial, the plaintiffs, in substance, offered to prove the above averment, and the offer was rejected upon the ground that it was immaterial.

It was not denied that the application was signed by the plaintiffs, nor that the warranty was broken, but the effect of such breach was sought to be obviated, by showing that the defendants' agent drew up the application, and knew of the existence of the buildings, the omission to state which, constituted the breach of warranty. It is not perceived how this can affect the case. If the matter stated in the application was to be treated as a *representation*, and was shown to be false, it would affect the validity of the policy merely, on the ground of fraud, and not on account of the breach of a condition precedent. Treating it as a mere *fraudulent representation*, there would be force in the averment that the defendants' agent *knew* of the existence of the fact, the concealment of which, was made the subject of complaint. But a representation, and a warranty,

VOL. X.            37

are essentially different things, and call for the application of different rules of law. Here was a warranty, and all the cases show that it must be complied with by the assured, as a condition precedent to a recovery. (2 *Comst.* 43. 3 *Id.* 122. 7 *Hill*, 122. 5 *Id.* 188. 5 *Denio*, 154. 2 *Id.* 75. 6 *Wend.* 488. 6 *Cowen*, 673.) It matters not whether the omission to describe all the buildings was by accident, or from a fraudulent design; in either case, the insurer is not liable, unless the condition be performed.

The rule which prevails upon sales of property—that a warranty does not extend to defects which are known to the purchaser—does not apply to warranties contained in contracts of insurance. (*Jennings* v. *The Chenango Co. Mut. Ins. Co.* 2 *Denio*, 75. 2 *Caines*, 155. 2 *John.* 346. 13 *Mass. Rep.* 96.) There was, therefore, no error in the decision at the circuit, in overruling the plaintiffs' offer.

The judgment of the circuit court must be affirmed.

———— •◦• ————

SAME TERM.    *Before the same Justices.*