## Cooper *versus* The Farmers' Mutual Fire Insurance Company.

| 50 | 299 |
|---|---|
| 24 SC | ³594 |
| 50 | 299 |
| 36 SC ³ | 41 |

*Mistake in application for policy of insurance, not corrected by parol testimony.—Reformation of policy for mistake, when inadmissible.*

1. That which is a warranty in a policy of insurance by its terms, cannot be shown by parol evidence to have been inserted by mistake.

2. Thus where a policy provided that the representations in the application should be a warranty on the part of the insured, and the statement made by him in the application, as to encumbrances upon the property, was untrue in fact; in an action against the company after loss, evidence is not admissible to show that the answer of the assured, in reference to encumbrances, was made by mistake.

3. The evidence was not admissible for the purpose of reforming the policy, for the mistake was not that of both the insured and the company : it is not enough that the agent of the company was also mistaken, for he was not a contracting party, and the mistake was not therefore mutual.

ERROR to the Common Pleas of *Lancaster county*.

This was an action of covenant on a policy of insurance by William Cooper against The Farmers' Mutual Fire Insurance Co. of Pennsylvania.

The material facts of the case were these :—On the 1st day of November, A. D. 1861, William P. Cooper, the plaintiff, being the owner of a woollen factory and the machinery for the manufacture of cotton and woollen goods, contained therein, situate near Georgetown, in Bart township, Lancaster county, Pennsylvania, called the " Georgetown Factory," called on Theodore W. Herr, the

agent of the defendant, at his office in Lancaster city, to effect an insurance " on his machinery used for the manufacture of cotton and woollen goods, contained in his two-storied stone building, known as the ' Georgetown Factory,' in Bart township."

Mr. Herr, the agent, had defendants' printed forms of application, and when Mr. Cooper called on him to effect the insurance, Mr. Herr took one of those printed forms of application, asked Mr. Cooper the questions printed upon it verbally, received verbal answers from Mr. Cooper thereto, and wrote down the answers in his own proper handwriting.

When the agent came to the ninth question on the printed form, and asked Mr. Cooper " whether encumbered, if so state the amount, and also the estimated value of the real estate held by the applicant ?" Mr. Cooper answered, that " there are judgments against my whole property to the amount of about $10,000," and stated also the estimated value of his real estate to be about $20,000, and added, that he did not know whether those judgments would bind this property which he desired to have insured or not, as it was only machinery. Mr. Herr, the agent, was under the impression that it was not an encumbrance, such as was contemplated in the interrogatory, and wrote as the answer to the ninth interrogatory, " It is not." Mr. Cooper wrote down none of the answers. The conditions of the application were not read over to him by the agent Mr. Herr, nor did he read them himself; neither were his answers read over to, or by him, but were signed by the applicant as written down by the agent. After the application was signed by Mr. Cooper, it was sent by Mr. Herr to the defendant, and a policy of insurance, No. 5116, dated November 6th 1861, for $3000, to expire on November 1st 1864, was issued by defendant to Mr. Cooper, he having first given defendant a premium note for $120, and paid a cash premium of $30. Thus matters remained until the morning of the 7th of July, A. D. 1862, when the " Georgetown Factory" building, in which the insured machinery was contained, together with the whole of the machinery insured, was destroyed by fire.

Immediately after the fire, Mr. Cooper gave the requisite notice to the company, and also made out and delivered a statement of his loss, with a schedule or list of the machinery destroyed, and the cash value thereof. Mr. Kraber, the president, and Mr. Herr, the agent of defendant, visited the ruins shortly after the fire. Mr. Cooper demanded the amount of his policy, $3000. Payment was refused by defendant, and this suit was brought for the recovery thereof.

On the trial, the plaintiff offered in evidence the policy of insurance—proved the destruction of the machinery by fire, and its condition and value at the time of the fire—and read in evidence two letters from Mr. Kraber, president of defendant, and the pre-

liminary proof of the destruction of the machinery. Defendant admitted the receipt of notice of the fire and destruction of the machinery, and that demand was made for the money before suit was brought. Plaintiff then rested his case.

The defendant then gave in evidence its charter, Mr. Cooper's application for insurance, dated November 1st 1861, and the record of the judgments entered against plaintiff. Among the statements in the application were the following :—

Q.—Do you own the building above described; if not, who is the owner ?

A.—I do.

Q.—Whether encumbered; if so, state the amount, and also the estimated value of the real estate held by the applicant ?

A.—It is not. The building and machinery are leased to J. B. Hughes, of Philadelphia.

Defendant then offered in evidence a paper dated August 26th 1862, signed by William P. Cooper, and affirmed to before D. E. Bruner, Esq., relating to the Columbia Insurance Company, which was objected to by plaintiff. The objection was overruled by the court, and the paper admitted in evidence.

Samuel Thornton was then called by defendant, who among other things spoke of his father having had this machinery insured, because he had seen the policy. This was objected to by plaintiff, but the objection was overruled by the court, and the testimony admitted. On cross-examination, the plaintiff proposed to ask the witness, whether a portion of the machinery, which he stated in his testimony had been taken away from this factory, was not taken away by night. This was objected to by defendant, and the objection sustained by the court. Defendant then rested its case.

For the purpose of reforming the application given in evidence by defendant, and correcting the mistake alleged to have been made by Mr. Herr, the agent of defendant, in failing to put down the whole answer given by Mr. Cooper, to the ninth interrogatory in the application, relative to encumbrances, plaintiff called Theodore W. Herr, and offered to prove by him, that he was the agent of defendant; that he was advertised as such; that in pursuance of a letter written by him to Mr. Cooper Mr. Cooper called on him to effect an insurance upon the machinery mentioned in his application. That he (Herr) asked the questions contained in it verbally, and received verbal answers in reply thereto, and wrote down the answers in his own proper handwriting. That when he asked the question, whether there were any encumbrances upon this property, Mr. Cooper told him there were judgments against his whole property, to the amount of about $10,000, but he did not know whether the judgments would bind this property or not, as it was but machinery. That Mr. Herr replied, that it was not

such an encumbrance as was contemplated by the interrogatory, and wrote down the answer accordingly, " It is not."

This offer was objected to by defendant, and the objection was sustained by the court.

Plaintiff then renewed his last offer, with the following addition: " That the conditions of the application were not read over to plaintiff, neither were his answers read over to him by Mr. Herr, or read by plaintiff himself, but were signed just as Mr. Herr (the agent) wrote them down.' That Mr. Cooper had real estate independent of the machinery, to the value of $20,000, which was bound by the judgments referred to by defendant, and so stated to Mr. Herr ; and that plaintiff had not seen the application from the time it was signed, until it was produced in court ; and did not know what it contained." This was objected to by defendant, and the objection sustained by the court.

The court then instructed the jury that under the evidence they should find for the defendant. To which instruction plaintiff also excepted.

Under the ruling of the court there was a verdict and judgment for defendant. This writ was then sued out by the plaintiff, for whom the following errors were assigned :—

1. The court erred in admitting the paper signed by William P. Cooper, and dated August 26th 1862, in evidence.

2. The court erred in allowing Samuel Thornton to testify as to the insurance of his father on machinery in the " Georgetown Factory," the policy not being produced or its absence accounted for.

3. The court erred in refusing to allow plaintiff to ask Samuel Thornton whether a portion of the machinery had not been taken out of the factory, and taken away by his father, John Thornton, after night.

4. The court erred in rejecting the testimony of Theodore W. Herr, as embraced in plaintiff's offer under the fourth exception taken by plaintiff.

5. The court erred in rejecting the testimony of Theodore W. Herr, as embraced in the offer by plaintiff, under the plaintiff's fifth exception.·

6. The court erred in instructing the jury to find for the defendant.

*O. J. Dickey, A. H. Hood, D. W. Patterson,* and *J. B. Livingston,* for plaintiff in error, in support of the fourth and fifth assignments of error, on which they held the case must turn, argued that, 1. The property asked to be insured was " machinery used for the manufacture of cotton and woollen goods, contained in his two-storied stone building, known as the Georgetown Factory, in Bart township, Lancaster county, $3000," not the building which

[Cooper v. The Farmers' Mutual Fire Insurance Co.]

contained it. Did Mr. Cooper give any untrue answer to the ninth interrogatory? The defendant insists he did, but is it true in fact? He in fact gave a true answer to the question, and by the condition of the application itself, should be permitted to show that fact, for by the terms of that paper it is only "if any untrue answer has been given to the foregoing interrogatories, whereby the said company have been deceived, &c., then this insurance to be void and policy of no effect." Such are the express terms of the application, and the law will not go beyond them, and hold plaintiff to conditions *ex parte* and arbitrarily written down by the defendants or their agent? It is said that Mr. Herr was plaintiff's agent. But the ruling in Smith *v.* Insurance Co., 12 Harris 321, "that a party insured in a mutual insurance company, being a member of it by virtue of the insurance and the terms of the act of incorporation, is responsible for the representations contained in the survey," is, we submit, overruled by the case of Cumberland Valley Mutual Protection Co. *v.* Schall, 5 Casey 31. Should this court even concur in the judgment of the court below, that the stipulations between the parties as stated in writing on the face of the policy and application constituted a warranty; the ruling out of the testimony of Mr. Herr was an error. The plaintiff, Mr. Cooper, made no untrue answer to the said ninth interrogatory. The whole statements contained in the application, policy, and conditions must be taken as a warranty, if a warranty at all; and whether a particular statement is a warranty or not, is a question of interpretation, to be ascertained as in other contracts: Frisbie *v.* Fayette Mutual Insurance Co., 3 Casey 325. How, under this rule, could the court learn the views of the parties, without hearing testimony as to what transpired at the time of making the paper containing the representations? A limitation or condition in a policy of insurance, intended for the benefit of the corporation, may be waived by it, and the fact of waiver is a question for the jury: Coursin *v.* Pennsylvania Insurance Co., 10 Wright 323. The agent of the company, Mr. Herr, did waive the form of the answer to the ninth question. This question, therefore, should have gone to the jury. If an exception or limitation in a policy be capable of two interpretations equally reasonable, that must be adopted which is most favourable to the assured, for the language is that of the insurers: The Western Insurance Co. *v.* Cropper *et al.*, 8 Casey 351. But if the whole is a warranty, is this not a proper case, and on sufficient evidence would not equity reform the written instrument and correct the mistake of the company's agent, or consider that as actually done which a chancellor would decree to be done? We submit, that equity is part of the law of this Commonwealth, and would, in our common law courts, admit parol evidence, to show to the jury trying this cause the full and entire answer of Mr. Cooper to the said 9th interrogatory. See 5 Rawle

242; 14 S. & R. 443; 11 Harris 56; Phœnix Insurance Co. *v.* Gurnee, 1 Paige 276; Harris *v.* The Columbiana County Mutual Insurance Co., 18 Ohio 116.

2. The admission of Samuel Thornton, a witness of defendant, to testify as to the insurance, by his father, of machinery in the "Georgetown Factory," was error, the policy itself not being produced or accounted for.

3. And in reference to the third error complained of, we submit, that while the defendant was labouring to lessen the quantity and depreciate the quality of plaintiff's "machinery" in the Georgetown Factory, and made the allegation that Thornton owned a portion of it, it was competent to show that Thornton's title to the same was worthless, or at least, was so doubtful, that he took a portion of it after night.

*Thomas E. Franklin* and *H. M. North*, for defendants in error. —It is not pretended that the officers of the company had any knowledge or information of the conversation with Mr. Herr. The offer was overruled by the court, who instructed the jury that the subject of the insurance being fixed, machinery was bound and encumbered by the judgments; that the warranty of the plaintiff contained in his application that it was not encumbered was broken, and that he could not recover. We submit that it is clearly correct in principle, and is sustained and fortified by all the authorities applicable to the case. See Pyle *v.* Pennock, 2 W. & S. 390; Harlan *v.* Harlan, 3 Harris 507.

It is equally indisputable that the statement was by the terms of the policy an express warranty. It was the only information the company could have of the character of the risk they were invited to assume, and they had a right to rely upon it, and did rely upon it, as an absolute stipulation on the part of the plaintiff of its entire correctness. On this point they cited and relied on 1 Phillips on Insurance 425; Newcastle Fire Insurance Co. *v.* Macmaran, 3 Dow. 255; Davenport *v.* N. E. Mut. Ins. Co., 6 Cush. 340; Jennings *v.* Chenango Mut. Ins. Co., 2 Denio 75; Alston *v.* Mechanics' Mut. Ins. Co., 4 Hill 329; Kennedy *v.* St. Lawrence Mut. Ins. Co., 10 Barb. 285; Glendale Woollen Co. *v.* Protection Ins. Co., 21 Conn. Rep. 19; Holmes *v.* Charlestown Mut. Ins. Co., 10 Metcalf 211; Birmingham *v.* Empire Ins. Co., 42 Barb.; Angell on Fire and Life Ins. 186–7; Susquehanna Ins. Co. *v.* Perrine, 7 W. & S.; Smith *v.* Ins. Co., 12 Harris 320; State Mut. Ins. Co. *v.* Arthur, 6 Casey 315; Jennings *v.* The Chenango Ins. Co., 2 Denio 79; Kennedy *v.* St. Lawrence Mut. Ins. Co., 10 Barb. 289; Brown *v.* Com'th. Mut. Ins. Co., 5 Wright 187.

The opinion of the court was delivered, May 24th 1865, by STRONG, J.—The first three assignments of error are of no

practical importance, if the court was right in rejecting the proffered testimony of Theodore W. Herr, for, without that testimony, unquestionably the plaintiff has no cause of action. The defendants undertook to insure on condition that the building in which the machinery was contained, and of which it constituted a part, was free from encumbrance. By the policy it was stipulated that the representations made in the application should be a warranty on the part of the assured, and that the application contained a just, full, and true exhibition of all the facts and circumstances in regard to the condition, situation, and value of the property insured. And it was further agreed that the policy was made and accepted in reference to the application, and to the conditions annexed to the policy, and made a part of it, to be used and resorted to, in order to explain the rights and obligations of the parties. Among those conditions was one that the company " shall in no case be deemed to have waived a full, literal, and strict compliance with and performance of each and every of the terms, provisions, conditions, and stipulations" in the policy contained, unless such waiver · be express, and manifested in writing under the signature of the secretary of the company, before any failure on the part of the assured to comply with and perform the same shall have occurred, and that no agent of the company shall have power to violate any of these conditions. Whatever, therefore, the plaintiff represented in his application for insurance he is bound to make good before he can have any resort to the defendants upon the policy. And if the facts averred in the application were not truly stated, it cannot matter whether they were misstated through mistake or fraud, or whether they were at all material to the risk assumed, for the defendants undertook to pay a loss only in the contingency that those facts were truly stated. That in this case there was a very palpable misstatement in the application for the policy, is not controverted.

The property was represented as unencumbered, when in truth it was encumbered by judgments to a large amount. The fact misrepresented was a most material one, bearing directly upon the degree of hazard involved in making an insurance. The hazard may well be regarded as greater when the interest of the insured is lessened by encumbrances upon his title. But whether material to the risk or not, the warranty of the plaintiff made absence of encumbrances a condition precedent to the defendant's liability. It was to remove, if possible, this obstacle to his recovery on the contract that the plaintiff offered the testimony of Theodore W. Herr, as tending to show that the misrepresentation which was warranted, had been introduced into the application by mistake, and that therefore the contract should be read as if the property had been represented as encumbered. Had the evidence been received it would have proved, what doubtless is

14 WR.—20

true, that there was no fraud or wilful misrepresentation, but it did not tend to show either that the warranty had not been made, or that it had not been broken. It is necessary in this case to determine whether that which is a warranty in a policy of insurance can be shown by parol evidence to have been inserted by mistake. Undoubtedly policies of insurance may be reformed like other instruments when mistake or fraud is proved, but whether this can be done to the extent of altering a warranty, or a condition precedent to any assumption of liability by the insurers, may well be doubted in view of the authorities. In the well-considered case of Jennings *v*. The Chenango Mutual Ins. Co., 2 Denio 75, it was held that parol evidence was not admissible to show that the insured truly informed the agent of the insurers of particulars that the agent had incorrectly stated in the application prepared by him for the assured, the statements in the application having been made warranties. And such is the doctrine of Kennedy *v*. The St. Lawrence Mutual Ins. Co., 10 Barb. 285, Glendale Woollen Co. *v*. Protection Ins. Co., 21 Conn. 19, Holmes *v*. The Charlestown Mutual Ins. Co., 10 Met. 211, and Susquehanna Ins. Co. *v*. Perrine, 7 W. & S. 348. It is difficult to see how a contract, avowedly based upon an expressly asserted fact, can exist when the basis is gone. The case mainly relied upon by the plaintiff in error is Harris *v*. The Columbiana Ins. Co., 18 Ohio 116, the facts of which were quite peculiar. They bear very little resemblance to the facts of the present case. There the policy was issued by the agent of the company, who had authority to issue policies to insure any property he might see proper, and upon such terms as he might see fit within the powers conferred upon the company by their charter. The agent filled up the written application after having been informed by the applicant for a policy that he held only an equitable title, and that a portion of the purchase-money remained unpaid. Thus informed, the agent considered that notwithstanding the claim of the vendors of the assured, he was the owner, and that the premises were not encumbered, and so advised the assured. The agent then inserted in the application that Harris, the applicant, was the owner of the premises, and that they were not encumbered. Both Harris and the agent signed the application.

Another very material fact was, that prior to the issue of the policy, the company had instructed their agent that policies might be issued upon buildings the title of which was thus held, and that property thus situated was not encumbered within the meaning of the application and policy. It was also in the case that after the policy had issued, and after the application and premium-note had been returned to the company by the agent, who then informed them of the state of the title, they made assessments and collected them from the assured. In view of this state of facts, the case

[Cooper *v.* The Farmers' Mutual Fire Insurance Co.]

can hardly be considered a reformation of a warranty by parol evidence of what occurred when the written warranty was made. But were it conceded that such evidence is admissible for the purpose of reforming a policy, it is still true that no written instrument can be reformed on proof of a mistake, unless it be a mistake of both parties. Mistake of the assured alone will not answer. If it would, insurers might be held by a contract to which they never assented. It is mutual mistakes only which make a contract reformable in equity. Hence it is a fatal objection to the evidence offered by the plaintiff below that if admitted it would not have shown any mistake by both the parties to the contract. In filling up the application Herr was the agent of the plaintiff: 7 W. & S. 348. He was, it is true, an agent of the defendant for some purposes, but not to fill up applications, to declare what were or were not encumbrances, or to waive compliance with any precedent condition on which policies were issued. His agency for the defendant was defined in writing. It was "to make surveys, receive applications, premium-notes, and cash premiums for said company agreeably to the by-laws." He did not make the contract for the company nor arrange any of its conditions. He had no authority to do either. Admit that he was mistaken as well as the plaintiff—his mistake was not that of a party to the contract; and so far as it appears, he never informed the defendants, who were contracting parties, that any other representation had been made than such as appeared in the written application forwarded to them, upon which they issued the policy. The plaintiff's offer then was not to show a mutual mistake. The defendants assumed a risk based upon the written application alone. To allow them to be held liable on this policy for the reason that something took place between the plaintiff and Mr. Herr, of which they had no knowledge, would be to make for them a new contract into which they never entered.

It follows that the evidence offered could not have availed the plaintiff had it been received, and it was therefore rightly rejected.

Judgment affirmed.