## George S. Lester v. Robert B. Sutton.

Where a letter is introduced in evidence, it is error to exclude another letter referred to in the one admitted, and to which that is an answer.

Where the circuit court made an order that the parties be examined as witnesses, and they were examined accordingly, it is not error to refuse to permit one of them to be sworn as a witness on his own behalf on a subsequent trial — the other not being in attendance.

Where, on error, the judgment of the circuit court was reversed with costs, and new trial ordered, — *Held*, That plaintiff in error was not entitled to tax in his bill of costs the costs which had accrued in the circuit court, but that, unless otherwise specially directed, they must abide the result of the new trial.

*Heard October 8th. Decided November 2d.*

Error to Wayne Circuit.

The action was assumpsit, brought by Lester against

7 MICH.—W.

Sutton, to recover a charge for commissions in purchasing lumber. On the trial, to show that the lumber was not, in fact, purchased on his account, defendant introduced in evidence two letters from plaintiff to Silliman & Haswell, dated June 3d and 13th, 1856, the latter purporting to be in answer to a letter from them to him, of June 9th, 1856. Plaintiff objected to the introduction of these letters, unless that of June 9th, which he produced, and which referred to that of June 3d, was read in connection, but the court overruled the objection. Plaintiff then offered in evidence the letter of June 9th, but the court excluded it.

At a former trial of the same cause, the court had made an order for the examination of both parties as witnesses, and they were sworn and examined accordingly. The plaintiff, at the last trial, called upon defendant's counsel to produce their client, to be sworn as a witness; and they replying that he was out of the state, and could not be present, plaintiff claimed a right to be himself sworn as a witness, pursuant to the order of the court at the former trial. The counsel for defendant objected to his being so sworn, and the court sustained the objection.

The plaintiff excepted to both these rulings of the court, and judgment having passed against him, removed the case to this court for review on the exceptions.

*Holbrook & Bishop*, for plaintiff in error.

*A. B. Maynard*, for defendant in error:

The excluded letter is a part of a correspondence between the plaintiff and third persons, to which defendant is a stranger. By its introduction, plaintiff sought to explain or avoid the force of an admission, by the statements of third persons. The ruling of the court was correct.— 3 *Gray*, 539; 4 *Gray*, 586; 21 *Mo.* 303.

A party can not rebut the evidence of his own admissions by different declarations made at other times.— 3 *Ala.* 529; 22 *Ala.* 490.

LESTER v. SUTTON.

MARTIN CH. J.:

Whether the letter of the 9th of June, from Silliman & Haswell to Lester, was competent evidence for the plaintiff when the case was his, or not, it is unnecessary to determine, as it became clearly competent, and should, in fact, have been introduced by the defendant in connection with that of the 13th of June, written by the plaintiff to them. What would, or might be, its effect upon the issue or trial, it is immaterial to inquire. But it was a part of the correspondence relative to the subject matter in issue. It was written in reply to that of the 3d of June, and was the subject of that of the 13th.

It was determined in *Watson v. Moore*, 1 *C. & K.* 626, that when a party produces the letter of another, purporting to be in reply to a previous one written by himself, he is bound to call for and put in the letter to which it was an answer, as part of his own evidence. This wholesome rule applies to the case at bar.

The defendant seeks to conclude Lester by the letters written by him to Silliman & Haswell. But these letters being written in the course of a correspondence between them in a matter of business, and the letter of the 9th being a part of that correspondence, drawn out by the letter of the 3d, in part, and drawing out that of the 13th, they should be regarded as a whole, to which, upon the introduction of a part, either party was entitled. If, therefore, the defendant neglected the duty of calling for and putting in this letter, or if this was not insisted upon by the plaintiff by way of objection to the reading of the letter of the 13th, still the plaintiff was entitled to introduce it, for the same reason, and upon the same principle, that the defendant should have produced it.

When a part of a correspondence is given in evidence, the whole may be, relative to the subject matter of the litigation, upon precisely the same principle that allows the whole of a conversation to be given in evidence under like

circumstances. This rule exists from necessity: a reply can not be understood without a knowledge of the proposition or question which called it forth; an acceptance, without a knowledge of the offer; nor a remark made in the course of conversation, without a knowledge of the whole conversation. Words have not an arbitrary and inflexible meaning, but they are to be interpreted by the context, if in writing, and by the accompanying conversation, if oral. This is the experience of every practical man, and the rules of evidence are based upon principles derived from such experience. We think, therefore, that as objection to the introduction of the letter of June 13th was made, unless that of the 9th was also introduced, the same was improperly admitted. As to that of June 3d, it was properly admitted. It was clearly competent for Sutton to show, if he could, that Lester had conducted the business upon his own account, and not as agent, and this letter tended to show such to be the fact. It was a link in the chain of his testimony, and whether it would alone, or with other evidence, establish such to be the fact, was a question for the jury. That being introduced, the plaintiff was entitled to introduce their reply; while as already shown, the letter of the 13th purporting to be in reply to the one of the 9th, should have been accompanied with it.

Whether the plaintiff should have been admitted to be sworn as witness, or not, was a question addressed to the sound discretion of the court, and error can not be assigned upon its action. The judgment must be reversed, and a new trial ordered.

The other Justices concurred.

An order was thereupon entered "that the judgment of said Circuit Court for the county of Wayne be, and the same is hereby vacated and held for naught, and that the said plaintiff in error do recover of and from the said defendant in error his costs to be taxed, and that the cause be remanded to the court below for a new trial."

LESTER *v.* SUTTON.

On' taxation of costs under this order, the clerk refused to allow the costs which had accrued in the trials (of which there had been three) in the court below, and plaintiff in error appealed, claiming that he was entitled to be allowed all the said costs, as well as those which accrued in this court.

THE CHIEF JUSTICE:

The plaintiff in error is entitled to tax only the costs which accrued in this court. The costs in the court below, in such case, unless otherwise specially directed, abide the event of the new trial.