# George B. Throop v. The North American Fire Insurance Company.

*Evidence : Cross-Examination.* It is proper to ask a witness on his cross examination, who has testified on his direct, to the execution of a policy of insurance,—whether when policies, of the kind testified to by him, were issued by the company, any other papers were executed by either party in connection with the policy?

*Evidence : Statement of contract of insurance : Variance.* A declaration upon a policy of insurance purporting to set forth the contract according to its legal effect, averred that "it was further provided that if said policy was made and issued upon or referred to an application, survey, plan or description of the

property therein insured, such application, survey, plan or description should be considered a part of said contract, and a warranty by the insured." It appeared on the cross-examination of a witness called to prove the contract, that an "application" was signed by the insured at the time the policy was issued to him; but it was not produced on the trial nor were its contents shown: *Held*, That no variance appeared between the contract declared on, and the contract proved.

*Pleading : Essential averments in setting forth a contract of insurance.*A clause in a policy of insurance providing " that if this policy be made and issued upon, or refer to an application, etc.; such application shall be considered a part of the contract and a warranty by the insured,"—will not make the application a part of the contract, and therefore necessary to be set forth in stating the contract, according to its legal effect; unless its terms are such as to be capable of being impressed with the character of a warranty by force'of the stipulations it contains.

*Evidence : Contract of insurance : Onus of proof.* It is not necessary for a plaintiff in an action upon a policy of insurance, which he has set forth in his declaration, according to his view of its legal effect, to introduce in evidence the " application " which is hypothetically referred to in the policy, and so averred in the declaration, in order to enable the Court to determine whether the terms of the application invest the contract with a different legal sense than that ascribed to it in the declaration.

*Heard October 21. Decided January 5.*

Error to Lenawee Circuit.

This was an action of assumpsit upon a policy of insurance. The declaration purports to set out the contract according to its legal effect, and one of its averments is in the words following: "And it was further provided that if said policy was made and issued upon or referred to an application, survey, plan or description of the property therein insured, such application, survey, plan or description, should be considered a part of said contract and a warranty by the assured."

Upon the trial the plaintiff called Francis M. Bassett, who testified that he was engaged as a clerk in the office of the defendant at Adrian, from the thirteenth day of May, 1867, to the twenty-seventh day of June of the same year: That James A. Colyer was the agent of the company at Adrian at that time: That a policy was issued by said company, at said office, to the plaintiff some time in the month of June of that year: That he, the witness, saw the policy. The plaintiff was then sworn as a witness, and testified that the policy mentioned by the last witness, which

he received from the defendant, was burned up with his building. Bassett being recalled further testified that he was familiar with the blank policies in use by the said company at Adrian by said Colyer at the time he was engaged in the office as aforesaid; and being shown a policy purporting to be issued by that company to T. & J. Wise, partly printed and partly written, testified that that was the form of policy in use by said company at that time. On his cross examination he was asked "whether, when policies of this kind were issued by the company, any other papers were executed by either party in connection with the policy." "To this question the plaintiff objected, on the ground that it was not competent testimony and not proper cross examination. The objection was overruled and the plaintiff excepted. The witness answered that he had no knowledge of any other, except the application: That an application was signed by Mr. Throop at the time the policy was issued to him. The printed part of the policy testified to by Bassett was read in evidence. It contained the following clause: "And provided further, that if this policy is made and issued upon, or refers to an application, survey, plan or description of the property herein insured, such application, survey, plan or description shall be considered a part of this contract and a warranty by the assured."

The plaintiff having been recalled was asked "whether the said property was destroyed by fire, and offered to show by him that the same was destroyed by fire during the time of insurance covered by the policy. To which question and proof the defendant objected on the ground, that as it appeared by the evidence that there was a written application upon which the policy issued, which application was by the terms of the policy made a part of the contract and a warranty on the part of the defendant; it was the duty of the plaintiff to set out the same in his declaration, and to introduce the same as part of his proofs, and to aver and prove a performance of the warranty on his part, as a condi-

19 MICH—B.[3]

tion precedent to his right of recovery; and on the ground that there was a fatal variance in respect to the contract, in that respect, between the declaration and the proof. The objection was sustained by the Court, and the testimony rejected ; to which the plaintiff excepted.

No further or other testimony being offered, the Circuit Judge charged the jury, that the proofs given were not sufficient in the law to entitle the plaintiff to recover and that the defendant was entitled to a verdict in its favor.

The jury found for the defendant and the judgment entered thereon is brought into this Court by writ of error.

*A. L. Millard* and *G. V. N. Lothrop,* for the plaintiff in error.

The ruling of the Court may be resolved into four distinct propositions, namely : (1). That the declaration was insufficient to sustain the proofs, because it did not set forth the application : (2). That it did not sufficiently aver a performance of the warranty therein contained: (3). That it was the plaintiff's duty to introduce the application as part of his proofs; and that his failure to do so amounted to a failure to prove the contract actually entered into by the parties: (4). That it was the plaintiff's duty to prove the truth of all the statements contained in the application.

If the third of these four rulings is not sustained here, the defendant's whole case falls; but as the second and fourth admit of some additional suggestions which do not apply to the third, all the rulings will be considered in their order.

FIRST. It is believed that no serious question will arise upon the ruling that the plaintiff was bound to set forth the application in his declaration as distinguished from the ruling that he was bound to produce and prove it at the trial. A party is never bound to allege more than he is required to prove, either by positive evidence or a resort to

the presumptions which the law raises in his favor; and if we succeed in showing that the application was properly a matter of defense, the question of pleading will require no further attention.—*1 Ch. Pl., 222, 223, 304, 314, 315; Clarke v. Gray, 6 East, 564; 1 Greenl. Ev., § 66.*

There is nothing in the case to show that there was anything in the application that qualified, or in the slightest degree varied, the legal effect of the policy as set out in the declaration. It is always sufficient to set out a contract according to its substance and legal effect.—*1 Ch. Pl., 304, 306.*

As the application is in the possession of the defendants (below), and they did not produce it, every intendment must be against them. Suppose it were (and for aught that appears it may have been), simply a request to the defendant to insure the property, describing it, and stating that the applicant had an insurable interest in it. This, by the terms of the contract, would be " a part of the contract and a warranty," and yet it would not qualify or vary the effect of the policy in the least, and of course, as it is always sufficient to declare on a contract according to its legal effect, there would be no necessity of noticing it in the declaration.

SECONDLY. The Court below erred in holding that the declaration was defective in not averring performance of the warranty contained in the application. If, (as we contend) the application was no part of the plaintiff's case, and not necessary to be set out in the declaration, of course it was not necessary to aver a performance of the warranty contained in it. A plaintiff is never bound to anticipate his adversary's defense, either in his declaration or in his proofs; but only to aver and prove enough to make out his own *prima facie* case. Here the plaintiff's case would be perfect, according to his declaration, without any proof of the application; and consequently without proof of performance

of the warranty contained in it.—*Herron v. Peoria Insurance Company, 28 Ill., 235.*

THIRDLY. The Court below erred in ruling that the plaintiff was bound to introduce the application as part of his proofs. This ruling proceeded solely upon the ground that by the terms of the policy the application was made "a part of the contract." The fact that it was also a warranty is immaterial upon this question.

I.   These words are amply satisfied by construing them to mean that the policy and the application shall be read together, whereby the defendant may introduce the application in its own behalf, as a foundation for any defense which may exist. The clause was introduced into policies of insurance for that purpose only, the courts having decided that as all previous negotiations were merged in the policy, the application was inadmissible for any purpose except to show fraud, even though it might have been folded up with the policy, or annexed to it by a wafer.— *Pawson v. Watson, 2 Cowper, 785,* and cases cited in notes (3) and (4) to *Bean v. Stupart, 1 Douglas, 11; Higginson v. Dall, 13 Mass., 96; Dow v. Whittier, 8 Wend., 160.* So, also, when there was merely a reference to it in the policy. —*Farmers' Insurance Co. v. Snyder, 16 Wend. 481; Wall v. Howard Ins. Co. 14 Barb. 383.*

II.   Such, too, has been the general usage and understanding of the profession; there being, we believe, no case where the report shows that the application was introduced by the plaintiff; but a few where it is expressly stated that the defendant proved it, and many where that fact is implied. See with many other cases *Ames v. Union Ins. Co., 14 N. Y. 254; Murdock v. Chenango Ins. Co., 2 N. Y. 210; Huntly v. Perry, 38 Barb. 569; Underhill v. Agawam Ins. Co., 6 Cush. 440; Benedict v. Ocean Ins. Co., 31 N. Y. 389; Hardy v. Union Ins. Co., 4 Allen, 217; Faling v. Conway Ins. Co., 7 Allen, 46; Towne v. Fitchburg Ins. Co., Id. 51; Jacobs v. Eagle Ins. Co., Id. 132; Murphy v. Peo-*

ple's Ins. Co., Id. 239 ; Garcelon v. Hampden Ins. Co., 50 Maine, 580.

III. The Court below, by requiring the plaintiff to aver and prove the contents of the application, established a rule without a precedent, which, if sustained here, will lead to much needless inconvenience, and even injustice. The rule by which its inspection is intended to be enforced before trial is liable to evasion ; and, if the ruling below be correct, in all insurance cases the plaintiff is at common law without means to procure an inspection of a paper without which he cannot even frame his declaration.

IV. The defendants' stipulations were all contained in the policy; the application, if it contained any stipulations at all (though we are left entirely in the dark as to what its contents were, the defendant not having introduced the instrument), contained only the stipulations on the part of the plaintiff. Although another paper may be in fact and in law a part of the contract, it is so only for the purpose of letting in any defense existing as against the stipulations which the plaintiff seeks to enforce. Such was substantially the decision in *Smalley v Bristol, 1 Mich. 153 ;* So in *Wallis v. Littell, 11 Common Bench, new series, 369 ; Jevens v. Harridge, 1 Saunders, 8 ; Stephens' Pleadings, 9th. American Edition (1867), p. 336.*

See also *Chitty's Pleadings, 222 ut sup.* So any proviso or condition in the contract which goes merely in defeasance of it need not be stated, for this ought to come from the other side, unless it qualifies the contract.

It is believed that there is no reported case in which the ruling of the Court below has been sustained, while in at least two cases the law has been ruled the other way.— *Blake v. Exchange Ins. Co., 12 Gray, 265; Kentucky, &c. Ins. Co. v. Southard, 8 B. Monroe, 634 ;* See also *Herron v. Peoria, &c., Co., 28 Ill. 235.*

FOURTHLY. The Court below erred in holding that the plaintiff was bound in the first place, to make any affirmative proof of the truth of the statements contained in his application, although the latter may be made a warranty by the terms of the policy, and its truth may be a condition precedent to the right of recovery.—See *Phillips on Ins., 2122; Crowninshield v. Crowninshield, 2 Gray, 524; per Thomas J. p. 531;*

FIFTHLY. The Court erred, too, (as we submit) in overruling the objection to the question put by defendant's counsel to Francis Bassett, on his cross-examination, whether, when policies were issued by the company, any other papers were executed by either party in connection with the policy.

*Ashley Pond*, for the defendant in error.

I. The question, the admission of which is the alleged error, was objected to, 1. As " not competent." 2. As " not proper on cross-examination."

1. That the testimony called for by the question was " competent " would seem to be beyond doubt. Its object and tendency was to prove the *existence* of a writing, not its contents. It has never been supposed that the existence of a written instrument must be proved by its production.

2. The question was strictly proper cross-examination.— *Christiancy J. in Campau v. Dewey, 9 Mich. 419.*

The essential or ultimate fact in the plaintiff's case, which the direct examination of Bassett tended to prove, was the making by the defendant of a contract of insurance with plaintiff, expressed in the terms of the policy issued to him. And the question asked on cross-examination was designed to elicit a fact tending to " disprove that ultimate fact," to wit, that the policy thus issued did not contain the entire contract.

3. If it be conceded that the question was not strictly

proper cross-examniation, still its admission cannot be assigned as error.

II. The ruling of the Court, when it appeared that the policy of insurance, counted upon, issued upon a written application, that there was a fatal variance between the contract counted upon and the proof, was correct.

1. Under the terms of the policy, the application upon which it issued was a part of the contract, and any statements and representations or promises made in it by the assured, express warranties to like extent, and with like effect as if written in the body of the policy.

To this proposition the authorities are clear and uniform.—*1 Arnould on Insurance, 578; 2 Phillips on Insurance p. 425 § 756; Routledge v. Burrell et al., 1 H. Blackstone, 254; Worsely v. Wood et al., 6 Term, 710; Duncan v. Ins. Co., 6 Wend, 488; Jennings v. Ins. Co., 2 Denio, 75; Burritt v. Ins. Co., 5 Hill, 188; Egan v. Ins. Co., 5 Denio, 326; Chaffee v. Ins. Co., 18 N. Y. 376; The Glendale Woolen Co. v. Ins. Co., 21 Conn. 19; Battles v. Ins. Co., 41 Me. 208; Kennedy v. Ins. Co., 10 Barb. 485; Murdock v. Ins. Co., 2 N. Y. 210; Wilson v. Ins. Co., 6 N. Y. 53; Tebbets v. Ins. Co., 1 Allen, 305; Ripley v. Ætna Ins. Co., 30 N. Y. 136.*

2. The nature of an express warranty:

"An express warranty is an agreement expressed in the policy, whereby the insured stipulates that certain facts are or shall be true, or certain acts shall be done relative to the risk. It may relate to an existing or past fact, or be promissory and relate to the future."—*1 Phillips on Insurance, p. 425, § 754.*

It is not required that the circumstances or acts warranted should be material to the risk. In this respect an express warranty is distinguished from a representation. *Lord Eldon* says, "It is a first principle in the law of insurance that if there is a warranty it is a part of the contract; that the matter is such as it is represented to be,

the materiality or immateriality signifies nothing."—*1 Phillips on Insurance*, § 755.

In the following cases the principle stated in the last above paragraph was applied to warranties contained in applications.—*Duncan v. Fire Ins. Co., 6 Wend. 488 ; Jennings v. Ins. Co., 2 Denio, 75 ; Tibbits v. Ins. Co., 1 Allen, 305 ; Ripley v. Ætna Ins. Co., 30 N. Y., 136.* And in the following cases it is held that evidence that the insured truly informed the agent of the insurer who filled up the application of a fact which is untruly stated in it, is not admissible.—*Jennings v. Ins. Co., 2 Denio, 75 ; Manufacturing Co. v. Ins. Co., 21 Conn. 19 ; Kennedy v. Ins. Co., 10 Barb. 285 ; Tebbets v. Ins. Co., 3 Allen, 569 ; Ripley v. Ins. Co., 30 N. Y. 136.*

3. The exact truth of every warranty of an existing or past fact, and strict compliance with every promissory warranty by the insured, are *conditions* precedent to his right to recover upon the policy, and the burden is upon the insured to aver and prove the same.—*1 Phillips on Insurance, p. 430, § 762 ; 2 Phillips on Insurance, p. 683, § 2,122 ; 1 Arnould on Insurance, p. 581, § 214; 2 Arnould on Insurance, p. 1260, § 436; De Hahn v. Hartley, 1 Term 343; Ripley v. Ætna Ins. Co., 30 N. Y. 136 ; Murgatroyd v. Crawford, 2 Yeates, 420 ; Craig v. U. S. Ins. Co., 1 Peters C. C. 410 ; Wilson v. Hampden Fire Ins. Co., 4 R. I. 159 ; Hutchinson v. Read, 4 Exch. 761; Geach v. Ingall, 14 M. & W. 95.*

4. It follows from these principles that defendants' contract with plaintiff, upon which the suit is based, was not an absolute one, as stated in the declaration, to insure the property in question in consideration of the premium paid, but to insure it subject to certain *conditions precedent* contained in the application.

5. It is a fundamental rule of pleading, to which there are no exceptions, that in declaring upon a contract, the

contract must be stated correctly, according to its legal effect, and a failure thus to state it is fatal to the plaintiff's case.—*1 Chitty's Pleading, 305.*

Thus: If a contract is alternative or conditional, it is fatal to state it as absolute, and so *vice versa.*—*1 Chitty's Pleading, 308.*

And thus: if the defendants' promise or engagement embody or contain, as a part of it, an exception or proviso which qualifies his liability, or in certain instances renders him altogether irresponsible, so that he was not in law absolutely bound, the declaration must notice the exception or proviso, or there will be a fatal variance.—*1 Chitty's Pleading, 309.*—Illustrative of the application of this rule are the following cases, to wit:—*Latham v. Rutley, 2 Barn. & Cres. 20; Lower v. Winters, 7 Cow. 26; Wait v. Morris, 6 Wend. 394; Whitaker v. Smith 4 Pick. 83; Stanwood v. Scovel, 4 Pick. 422; Bridge v. Austin, 4 Mass. 115; Davidson v. Graham, 2 Ohio State, 132; Kimball v. R. R. Co., 26 Vt. 247; Austin v. R. R. Co., 5 E. L. & E. 239 ; Shaw v. R. R. Co., 13 Ad. & E., N. S. 347; Jones v. Cowley, 4 Barn. & Cres. 445; Ferguson v. Cappeau, 6 H. & J. 394; Tempany v. Burnand, 4 Camp. 20.*

This rule of pleading and these authorities exactly cover, and are fatal to, plaintiff's case.

He has counted upon defendants' promise to insure as absolute, except so far as it appears otherwise upon the face of that part of the agreement delivered to him, while the proof shows it to be conditioned upon compliance by him with his warranties contained in the application.

6. The fact that defendants' warranties are not contained in the body of the policy cannot affect the rule of pleading.

Conditions and warranties are frequently endorsed upon or attached to the policy, and the necessity of noticing them in such cases in the declaration and averring compliance has universally been recognized and acted upon.—

*2 Chitty's Pl. 179.*—Precedent of declaration on Marine Policy, counting upon the policy and memorandum attached. And see note "Y."—*2 Chitty's Pl. 209.*—Precedent of declaration upon life policy. And see note " P," paragraph entitled " the declaration," p. 299.—*Strong v. Harvey, 3 Bing. 30; Strong v. Rule, 3 Bing. 315.*

And the precedents found in the text books and reported cases, show that the same rule of pleading obtains when the conditions or warranties are contained in a paper distinct from the policy, as in the case at bar.—*2 Chitty's Pl. 211; Routledge v. Burrell, 1 H. Blackstone, 254; Wood v. Worsley, 2 H. Blackstone, 574; s. c. 6 Term, 710; Geach v. Ingall, 14 M. & W. 95.*

7. The fact that the application is in the hands of the defendant does not change the rule of pleading and excuse the plaintiff from noticing it in his declaration. This is clearly so upon principle, and hence Courts have assumed and exercised the power to compel a party to produce any paper necessary to enable the opposite party to plead.—In this State, rule of Court upon the subject, *Circuit Rule, 40.*

8. It may be urged, as it was in the Court below, that the failure to notice the application in the declaration cannot be held a variance, because its contents not being shown, the Court cannot say that it contained anything materially bearing upon the plaintiff's right to recover. This reasoning is unsound.

*a.* The application is by express agreement made a warranty, and hence the authorities we have cited conclusively establish that it can contain nothing which is not material to plaintiff's case.  *b.* The parties having made it a part of the contract, plaintiff, even if he deemed that it contained nothing so material as to require notice in his declaration, was bound to produce it on the trial and put it in evidence as a part of his case, that the Court might determine whether or not it contained anything material. No rule is better settled than this, that no matter what is

the form of declaration if it appears that there is a written contract between the parties in relation to the subject matter of the action, the plaintiff must produce and put it in evidence as a part of his case, or he cannot recover. A few cases will show how strictly this rule is applied.— *Vincent v. Cole, 1 Mood. & Malk., 257 ; Jeffrey v. Walton, 1 Stark., 267 ; Buxton v. Cornish, 12 M. & W., 426 ; Ladue v. Seymour, 24 Wend. 60 ; Kerstetter v. Raymond, 10 Ind. 199.*

And if the contract is in two or more writings, the plaintiff must produce all of them. This must be so upon principle, and so are the authorities.—*Cunningham v. Shaw, 7 Penn, 401; Ala. & Tenn. R. R. Co., v. Nabors, et al., 37 Ala., 489 ; Lester v. Sutton, 7 Mich. 329.*

It results, I think clearly, that when the ruling, which is the ground of the alleged error under consideration, was asked, that plaintiff, if he desired to avail himself of a claim that the application contained nothing material to be noticed in his declaration, ought to have stated to the Court that he should produce and put it in evidence before he rested, and that it would then appear that it, in fact, contained nothing material. And not having taken this course, he cannot complain that the Court assumed it to be material.

It may be urged that a rule, which will require the plaintiff in an action on an insurance policy to treat the application as part of the policy and of his case, will cause great embarrassment and perplexity to plaintiff in such actions.

Admitted, where seek the remedy? I protest that it is not to be sought in a decision of this Court overturning what is as well settled law as can be found in the books.

Graves J.

Throop prosecuted the defendants in error to recover for a loss he claimed to have suffered under a policy issued to

him by the company. The declaration was in assumpsit and the plea was the general issue in the common law form.

Upon a trial before a jury, the plaintiff having given evidence with a view to show that the company had issued to him a policy as alleged in the declaration, and that it had been destroyed by fire, proceeded to prove by a witness by the name of Bassett the contents of the policy.

This witness having testified that he had been familiar with the blank policies used by the company at their office in Adrian, that he had been employed in such office, and that a policy shown to him which purported to have been issued by them to T. & J. Wise, was in form the same as the policies used at its date by defendants; was then asked on cross-examination, whether, when policies of that kind had been used by the company, any other papers were executed by either party in connection therewith?

This was objected to by the plaintiff, but the Court overruled the objection, and the witness answered that he knew of none except applications, and that Mr. Throop signed one of these at the time his policy issued.

The plaintiff in error complains that this ruling was erroneous. We think, however, that the Court decided correctly in permitting the question to be answered. The fact called for was closely connected with the matter, which had been already drawn out on the direct examination. It bore upon the precision of the witness' acquaintance with the insurance contracts of the company, as well as upon the exact nature of the transaction between the parties, and was clearly admissible under the rules of cross-examination. The witness having testified further with respect to the form of policies used by defendants, and his testimony having tended to show that the blank or printed portion of the policy, issued to Throop, was in the same form as that issued to Wise, which had been exhibited to the witness, the printed portion of the latter policy was read in evidence to the jury.

This instrument contained the following clause—"And provided further that if this policy is made and issued upon or refers to an application, survey, plan, or description of the property herein insured, such application, survey, plan, or description shall be considered a part of this contract and a warranty by the assured."

At this stage of the case, the plaintiff proceeded to testify in his own behalf on the merits, when in answer to a question put by the defendants, he stated that he made application for the insurance and that such application was reduced to writing and signed by him.

The plaintiff's counsel then offered to show by the plaintiff, that the property insured for him by the defendants was destroyed by fire during the life of the policy; but the defendants objected, in substance, that it had appeared by the evidence that a written application for the policy had been made, which the declaration had failed to notice, and that, consequently, a fatal variance existed between the contract as set up and as actually made between the parties.

This objection was sustained by the Court and the evidence excluded. The plaintiff offering no further testimony, the jury under the direction of the Court returned a verdict for the defendants, and the case is now to be determined according to the view we shall take of the decision of the Court below upon the foregoing objection.

On turning to the record, it is seen that the declaration does not purport to set out the contract in the words and form employed by the parties, but appears to describe it by its substance and according to its legal effect, and therefore, whether anything material was or was not omitted from the declaration, could only be determined after ascertaining the nature of the supposed absent matter.

Though it should be conceded that words and even sentences inserted in the instrument, which evidence the contract, were not repeated in the declaration, it could not be

held to follow that the pleading was at fault, or that a variance would be the consequence.

It would still be necessary that the omitted matter should be brought before the Court in order to ascertain its bearing upon the contract, as the plaintiff had seen fit to state it.

In answer to this view, the defendants' counsel argues that the application was by express agreement, actually made a warranty, and therefore that it necessarily contained matter which the plaintiff was required to notice in his declaration.

It may be observed, however, that this proposition assumes that the pleading which only purported to state the contract according to its effect in law, did not include the legal bearing and effect of the particular application which the plaintiff made for the policy.

With equal propriety the plaintiff could assume that his declaration did contain the whole contract in its legal sense and meaning, but the question cannot turn upon the assumption of either party. It is for the Court, when all the evidence bearing upon the point is given, to determine, whether, upon a right construction of the evidence produced, the plaintiff has or has not mistaken the legal effect of the stipulations constituting the contract.

So long as the evidence accords with the declaration, a variance is not to be intended, upon a supposition that some matter not repeated in the pleading, and not before the Court, would if submitted, give quite a different character to the contract from that actually counted upon. This branch of the argument for the defendants is open to another consideration.

It is very clear that applications for insurance may be and often are, in such form as to defy all attempt to make them warranties by a simple statement that such shall be their character. If a set of words lack the signification to make the turning of them into evidence of

a warranty legally possible, an agreement that they shall constitute a warranty must certainly be ineffectual. And until it should appear in some way, of what the "application" consisted or what it embraced, the Court could not not judge it susceptible of the character of a warranty or determine its legal consequence.

It cannot, therefore, be concluded that because an "application" was made, it must necessarily have been so framed as to become a warranty by force of the clause in the policy which has been quoted. That stipulation in the policy should have a reasonable interpretation, and ought not to be pushed to a meaning, which would involve the extraordinary results to which the theory of the defendants points. The proper construction of the clause will make it applicable to those cases only when the "application" is of such a nature, and so drawn as to be capable of being impressed with the character of a warranty by force of the stipulation in question.

As a consequence of this view, it follows that proof or admission that an "application" was made, without anything farther, would not justify the Court in holding, as matter of law, that it contained statements, stipulations or conditions in any manner qualifying or altering the legal sense of the contract as stated in the declaration.

It is still contended, however, on the part of the defendants, that the parties having made the "application" a part of the contract, the plaintiff even if he deemed that it contained nothing so material as to require notice in his declaration, *was bound to produce it on the trial and put it in evidence, as a part of his case, in order that the Court might determine whether or not it contained anything material.*

It will not escape attention that the Court below, in accordance with the view which seems to have been entertained by defendants' counsel at the trial, and with the view necessarily to be implied from the position just adverted to

of the counsel in this Court, did not deem it necessary that the "application" should be put in evidence, or even produced, in order to decide that it was a material stipulation and one which invested the contract with a different legal sense from that ascribed to it by the declaration.

That the Circuit Judge did so decide without evidence of the contents of the application is shown by the record, and that decision is one which the defendants have endeavored to support here.

But passing by this circumstance, no reason is perceived for maintaining that the plaintiff was under any duty in this case to put in evidence any matter which in his judgment was immaterial or irrelevant. His duty was to prove his case as stated in his declaration, and he does not appear to have been placed under any necessity to furnish evidence for his adversaries. He was proceeding to prove his case, as it stood upon the record; and in so far as he was permitted to give evidence, it does not appear that any matter was produced before the Circuit Court, which proved or tended to prove that the legal sense imputed to the contract by the declaration was not correct.

The isolated fact that an application was made did indeed appear. But this fact standing alone, without the least showing as to the character or subject matter of the application, could furnish nothing for the judgment of the Court upon the question of variance. When the defendants alleged that a variance existed, they tendered an issue on that subject to the plaintiff, and before invoking the judgment of the Court in their favor, they were bound to show to the Court, either by new evidence or by reference to something already introduced, the particular matter upon which they relied to warrant such judgment.

Without such matter, the Court could be possessed of nothing upon the point, but the counter allegations of the parties; and the defendants were not at liberty to insist

that there was a variance as they alleged, because the plaintiff did not furnish evidence to prove it.

I think, therefore, that the objection in question was not based on tenable grounds, and that the Court erred in sustaining it.

As this will necessitate another trial of the cause, and the question upon the pleading so elaborately argued before us will probably not arise again, it is not thought expedient to discuss that point.

The judgment of the Court below must be reversed with costs and a new trial ordered.

CAMPBELL CH. J. and COOLEY J. concurred.

CHRISTIANCY J.

As I am not able to agree with my brethren in all the conclusions at which they have arrived in this case, nor in the general result, it becomes necessary to show to what extent I concur with them, and to specify the points and state the grounds of my dissent.

I fully concur with my brethren that the question put to Bassett, the plaintiff's witness, on cross-examination,— "Whether, when policies of that kind had been issued by the company, any other papers were executed by either party, connected therewith — was proper and legitimate; and that the facts elicited,—that written applications for insurance were signed by the applicant in such cases, and that one was signed by Throop, the plaintiff, at the time the policy was issued—were facts proper to be brought out on cross-examination. The fact, that such application was reduced to writing and signed by the plaintiff, was also properly elicited from the plaintiff on his cross-examination, without objection.

This fact, under the express provision of the policy, rendered that application a part of the policy, or contract of

19 MICH—D.

insurance, for the breach of which the action was brought, as completely for all purposes connected with the suit, as if the same had been inserted in the policy itself, and its statements therein declared to be a warranty. This I think must be so in principle, and it is well supported by authority.—*Glendale Woolen Co., v. Ins., Co., 21 Conn. 19 ; Duncan v. Ins. Co., 6 Wend. 488 ; Burritt v. Insurance Company, 5 Hill, 188 ; Chaffee v. Insurance Co., 18 N. Y. 376 ; Battles v. Insurance Co., 41 Me. 208 ; Egan v. Ins. Co., 5 Denio, 326; Jennings v. Ins. Co., 2 Denio, 75; Routledge v. Burrell et al., 1 H. Bl. 254 : Worsley v. Wood et al., 6 T. R. 710 ; Geach v. Ingall, 14 M. & W. 95 ; Strong v. Rule, 3 Bing. 315; Kennedy v. Ins. Co., 10 Barb. 285; Murdock v. Ins. Co. 2 N. Y. 210 ; Wilson v. Ins. Co., 6 N. Y. 53 ; Tebbetts v. Ins. Co., 1 Allen, 305 ; Ripley v. Ins. Co., 30 N. Y. 136 ; 1 Phil. on Ins. ( 5th ed.) pp. 413, 414, Sec. 756 ; 1 Arnould on Ins. 578.*

But to enable the Court to determine to what extent this application, if inserted in the policy, would change or modify any of the other terms of the policy, or the legal effect of the contract of insurance on the part of the defendant as set forth in the declaration, I agree with my brethren that the application must be introduced, in evidence, or its contents shown. This was not done in the present case ; and the Court was left in entire ignorance of its contents.

In this aspect of the case it becomes important to determine, first,—upon whom, under the circumstances of the case, rested the burden of proving the application or its contents; and second,—what are the legal consequences of the omission. It is upon the proper solution of these questions ( and mainly the first of them ), that I differ from my brethren.

Upon the question of pleading—while I see no reason to doubt that the declaration should, upon all sound logi-

cal principles of common law pleading, have set forth the
whole of that portion of the contract, for the breach of
which the plaintiff sought to recover, according to its legal
effect, as modified by the application expressly made a part of
it; yet, however improbable, it may, perhaps, be still legally
*possible*, that the application contained nothing which
would in any· manner have modified the contract as shown
in its other provisions expressed on the face of the policy.
And the contents of the application not being shown, we
cannot perhaps say, that this principle of pleading has been
violated; nor that there was in this case, what can be
strictly termed, a variance.

But I do not propose to discuss the question of plead-
ing or that of a mere variance ; as we have, since the ar-
gument in this case, adopted a rule of Court applicable to
the mode of declaring upon policies of insurance, which
will prevent the recurrence of such questions in future
cases.

But the main question, as it seems to me, is, whether
the plaintiff, under the circumstances of this case, by mere-
ly proving the contents of the policy, independent of the
application, had sufficiently proved the contract alleged in
his declaration to make it the duty of the Court to submit
that proof to the jury, without any proof or offer on
the part of the plaintiff, to prove the application or its con-
tents, and without showing any excuse for its non-produc-
tion, any notice to produce, or effort to obtain it. If he
had not; then, as no such offer was at any time made by
the plaintiff, and no excuse shown for the omission; it is
entirely immaterial on what precise ground the Court re-
fused to allow him to proceed with proof of a loss; since,
upon this hypothesis, no evidence he could have possibly
given of the loss, could have entitled him to recover ; and
the error of the Court, if any, could not possibly have
operated to his prejudice.

But the record does not show that, the decision was

based upon the narrow ground of a defect in the declaration, or a mere variance. The objection made to the proof of a loss was : "That, as it appeared by the evidence that there was a written application upon which the policy issued, which application was, by the terms of the policy, made a part of the contract and a warranty on the part of the defendant, it was the duty of the plaintiff to set out the same in his declaration, *and to introduce the same as a part of his proofs,* and to aver and *prove* the performance of the warranty on his part, as a condition precedent to his right of recovery, and on the ground that there was a fatal variance," etc.

This objection was sustained, but upon which of the grounds stated in it does not appear. It can hardly be contended that all the grounds of the objection must be good to authorize the Court to sustain it. If good only on the ground, " that it was the duty of the plaintiff to introduce the application as a part of his proofs," the Court did right in sustaining it. This is the view taken of the objection by the counsel of the plaintiff in error, who, in his brief, resolves the objection into four distinct propositions, and very properly makes the one I have just stated the turning point of the question raised by the objection.

Was it, then, incumbent on the plaintiff, before he could recover for a loss on this contract of insurance, to prove the application or its contents as a part of the contract, or was it properly a part of the defendants' case, to be proved by them ? To a correct appreciation of this question, it is essential to consider the circumstances under which the question arose.

The plaintiff had sued to recover a loss upon a contract of insurance alleged to have been made with him by the defendant, and had set out what he claimed to be that contract, in his declaration, according to what he claimed to be its legal effect. As the Court could not, without proof, judi-

cially know that there was any contract, nor, if one existed, what was its legal effect, the burden of proving affirmatively that there was *such* a contract rested upon him. He proved the contents of a policy or contract of insurance, of which the following was one of the provisions: "That if this policy is made and issued upon, or refers to any application, survey, plan, or description of the property herein insured, such application, survey, plan or description shall be considered a part of this contract and a warranty by the assured."

It appeared from the plaintiff's own testimony, as well as that of his only witness on a cross-examination, which we all agree was legitimate, that the policy was made and issued upon a written application made and signed by the plaintiff. The testimony in chief of the plaintiff and his witness tended to show a contract of insurance expressed only in a single paper—the policy. The cross-examination in connection with the policy proved on the direct examination, showed clearly and beyond a contradiction, that a part of the same contract of insurance was contained in another paper—the application,—but did not show what were its terms or contents. This testimony given on cross-examination and qualifying that given in chief, must be taken in connection with, and as a part of, the latter; and altogether must be considered as evidence given on the part of plaintiff. The existence of the application, as a part of the contract, was in no just sense a part of the defendants' case; it related only to, and was a part of that contract, proof of which was essential to the plaintiff's case, and without which he could not recover; while no contract was necessary to the defense.

It is not, therefore, necessary to inquire upon whom the burden of proving the contents of the application might have rested, if the plaintiff had closed his evidence of the contract of insurance, without disclosing the existence of the other part of the contract—the application. He might then

have been entitled to rest upon the case he had made, and to contest the fact of the existence of the contract throughout the trial, if set up by the defendants; and this might, in such a case, throw upon the defendant the necessity of proving, the contents as well as the existence of the other part of the contract.

But here the plaintiff cannot and does not contest the existence of the omitted part of the contract. He shows it clearly by the only witness he introduces, and swears to it himself. He shows that the part of the contract not introduced, as well as that produced, is in writing. He makes no offer to introduce it, nor to show that it was not within his reach, nor any effort to obtain or introduce it. For aught that appears it might have been in court and been had by asking for it. The Court are ignorant of its provisions and cannot therefore judge of its effect, or how far its provisions tend to modify the provisions of that part of the contract introduced. All they know is, that it is a written application for the insurance in question, and that, by the terms of the policy, it is made a part of the contract of insurance, and a warranty on the part of the plaintiff. From the nature of the case and of such kind of papers, usual in other cases, the Court cannot fail to see that there is at least a very high degree of probability, that the contents, if shown, might very materially modify the terms and legal effect of the policy of which it forms a part. The Court cannot presume that it was drawn up and executed and made a part of the contract for *no* purpose, and did not affect or modify the portion of the contract expressed in the policy, and upon that presumption, allow the plaintiff to recover upon proof of a part of the contract only, nor throw upon the defendant the burden of proving the part omitted. Being, upon the plaintiff's own showing, a part of the contract of insurance, that, and the other terms or portion of the contract contained in the

policy, must, I think, without any showing to the contrary, be considered as one entire contract of insurance, *one part of which was as necessary to be proved by the plaintiff as the other ;* and until both were proved, the contract was not proved, and neither Court nor jury could say what the contract was.

The burden of this proof rested upon the plaintiff. He alleged the contract and sought to recover upon it. Was it for the defendant to show that the contract of insurance actually made between the parties, was *not* that set forth in the plaintiff's declaration, before the plaintiff had introduced evidence fairly tending to show that *it was?* Does the plaintiff's evidence fairly tend to show that the contract of insurance actually made, was, as claimed in his declaration; while it shows, and he admits, that the contract was contained in two separate papers, of which but one is introduced, and neither offers nor makes any attempt to produce the other and shows no ground for the omission? Can he, under such circumstances, call upon the Court to presume in his favor, that the part omitted was executed and made a part of the contract, without a purpose, or that it, in no respect, modifies the effect of the part he has chosen to produce? Is it not the duty of the Court to say to the party: "You must first introduce the paper itself, or prove its contents; and *allow us, upon examination, to judge of its effect for ourselves.* Until you do this, or show, at least, that you have taken the proper means to obtain and introduce it, the only presumption we are permitted to indulge, is, that being admitted to be a part of the contract, it would be very likely to have some effect upon the part introduced; and that, if you did not believe it would be prejudicial to your case, you would have introduced or made some effort to introduce it, instead of resting satisfied with the proof of a part of the contract?"

Where a party having primary evidence in his power, resorts to secondary evidence in support of his case, Courts

do not hesitate to act upon the presumption that he resorts to the latter because the primary evidence, if given, might be less to his advantage ; and the secondary evidence, is excluded on this ground. Is not the analagous presumption much stronger in cases like this ?

Again, as all parts of a contract are to be construed together, and the meaning and effect of no part can be certainly known and appreciated, until the whole is examined, can the contract be considered as properly in evidence before the whole has been proved ? Such a question suggests its own answer.—See *1 Greenl. Ev. secs 88 and 96.*

It is not enough to say, that, until the application is shown, it cannot be known that it would modify the effects of the contract as expressed in the policy. It is sufficient to say in reply, that while the plaintiff, seeking to recover upon the contract, purposely leaves this question in doubt, without showing any reason for not offering or attempting to obtain or prove it and thereby to remove the doubt, he has offered no proper evidence of what the contract was; and the fact which he did introduce was properly excluded from the consideration of the jury.

This view seems to me to rest upon principles so clearly sound, as to require no support from authority. I have, however, examined all the cases cited by the respective counsel and am entirely satisfied that this view is sustained by the decided preponderance of authority ; and that, when properly considered, the cases cited for the opposite conclusions will be found to contain very little in opposition to the conclusion I have arrived at. I have not the time or space to enter upon a full review of the cases; but shall content myself with a reference to some of those only which appear to me to be best founded in principle and most directly applicable to the circumstances of this case. *Cunningham v. Shaw. 7 Penn., 401* was assumpsit on an agreement to pay bills drawn under letters of credit. Plaintiff having proved his case by writing signed by the

defendant, it appeared on cross-examination of one of the plaintiff's witnesses, that the plaintiff had signed a paper which the witness called a confirmation, the contents of which were not shown, but which defendant insisted should be put in evidence by the plaintiff as a part of his case, which plaintiff refused and was non-suited.

This, on error brought, was held correct; the Court saying—" This paper was offered to the plaintiff as a part of the contract, but he declined to use it or give it in evidence. Now, this was the stipulation or promise of the plaintiff, counterpart to that of the defendant. It was the plaintiff's part of the contract, and might have been material to the plaintiff's right to recover." The Court further say—" The contract consisted of letters between the agents of the parties, the letters of credit, and the engagement on the part of the plaintiff; and, when all taken together, may have shown that the promises were concurrent and dependent; in which case it would have been incumbent on the plaintiff to aver and prove a readiness and willingness to perform his part." And further,—"Nor is it sufficient to allege that the plaintiff's part of the contract merely limited the responsibility, and did not destroy the contract. That may be true; but that is the very question which ought to have been made patent before the Court by the plaintiff."

So in *Alabama & Tennessee R. R. Co. v. Nabors, 37 Ala., 489,* assumpsit for money loaned. The evidence of the loan was in a writing, signed by the defendant, in which it was said, " this loan is made on the conditions and terms stated in the resolutions of the Board of Directors, passed June 13, 1856, and recorded in the minutes." The plaintiffs were held bound to prove these resolutions as a part of their case.

It was held by this Court in *Lester v. Sutton, 7 Mich., 329,* that when a party introduces in evidence a letter from the opposite party to prove a contract; if such letter was

written in reply to one from himself, he must also introduce the latter in evidence.

An analagous principle is involved in that large class of cases, where an action is brought upon the common counts for work and labor, goods sold and delivered, etc., and other like cases, and it appears in evidence given on the part of the plaintiff, by cross-examination or otherwise, that there was a special written contract which is not introduced by the plaintiff. See among others *Ladue v. Seymour*, *24 Wend. 60* ; *Kersteter v. Raymond*, *10 Ind. 199* ; *Vincent v. Cole*, *10 Mood. and Malk. 257* ; *Jeffrey v. Walton*, *1 Stark. 267* ; see also *Buxton v. Cornish*, *12 M. & W. 426.*

And a similar principle may be said to be involved in all those cases, where a party, seeking to recover or defend on the ground of a contract, resorts to verbal evidence, when it appears upon cross examination of his own witnesses, that the contract is in writing, and he fails to introduce it. But in these cases, the principle which excludes the verbal evidence is not, it seems to me, so strong, as that which should, in the present case, exclude the evidence of one entire contract, written upon two sheets, when the plaintiff introduces but one, and offers *no evidence* at all of the other.

But it is further urged that the mere fact of the application being in the possession of the defendant, absolves the plaintiff from all obligation to introduce it, or to take any step, or to make any effort to obtain or offer it in evidence ; and not only this, but that it throws upon the defendant the burden of proving it as a part of his defense. I do not think that any part of this proposition is sound in principle, or supported by authority.

Mr. Greenleaf, in his work on evidence, vol. 1, sec. 87, speaking of the rule excluding oral evidence of contracts, etc., when the fact is provable by a written instrument, says : " The fact, that in such cases, the writing is in the possession of the adverse party, does not change its charac-

ter; it is still the primary evidence of the contract, and its absence must be accounted for by notice to the other party to produce it, or in some other legal mode, before secondary evidence of its contents can be received." See cases cited in note, and note 860 of *Cowen & Hill's notes to Phil. Ev.* If this must be done before secondary evidence is received, it would certainly seem that as much as this should be required, before the Court should allow the plaintiff to recover upon part of a contract, without *any evidence at all* of the other part.

I think there is no error in the record and that the judgment should be affirmed.