ISAAC ALTMAN *vs.* JAMES K. JOHNSON AND ABRAHAM WHEELER.

Where a suit is taken from the Circuit to the Supreme Court and the judgment rendered below is affirmed, execution upon the judgment originally obtained in the Circuit Court will issue from that Court, unless there is something in the order or judgment of the Supreme Court that plainly includes the judgment in the Circuit Court.

*Lenawee Circuit, January,* 1871.

Judgment upon report of referee in favor of the defendant for costs, removed to the Supreme Court by the plaintiff upon writ of error and judgment below affirmed.

Defendants filed certified copy of the order of the Supreme Court affirming the judgment below, and took an execution from this Court to satisfy the judgment obtained therein.

Plaintiff moves to set aside the execution because, as he claims,

1. The execution should have issued from the Supreme Court.

2. The record has not been returned from the Supreme Court. No remittitur filed in Circuit Court.

*A. L. Millard,* for Plaintiff, cites *Tidd's Practice, Am. notes*, 994, 995; 2 *Wendell*, 239; 2 *Revised Statutes, N. Y.,* § 26, *Ed. of* '29;

2 *Bouvier's Law Dictionary*, 445 ; 3 *Hill*, 632, 633 ; 1 *Wendell*, 25 ; 2 *Burrill's Practice*, 162 ; 3 *Id.*, *Sec.* 227 ; 2 *Tidd's Practice*, 911, 1176 ; 2 *Compiled Laws*, *Sec.* 5336 ; 3 *Bacon's Abridgement*, 361, 362 ; 3 *Johnson*, 443.

*C. A. Stacey*, for Defendant, cites Supreme Court Rule 11 ; 2 *Compiled Laws*, Secs. 4442, 5333.

*By the Court*, PRATT, J.—Supreme Court Rule 49, provides that final process shall be issued upon a judgment or decree of that Court. It cannot issue upon a judgment or decree of a Circuit Court. Unless the judgment below was specially included in the judgment of the Supreme Court, execution could not issue for the recovery of the same from the latter Court. The case of *Lester vs. Sutton*, 7 *Mich.*, 329, which was a case of reversal, decides that judgment " for costs to be taxed," included only the costs of the Supreme Court. It is true the case is not exactly parallel, but in any case I think judgment in the Supreme Court " for costs to be taxed," would only include the costs of that Court.

When a case is taken up to the Supreme Court on writ of error, the original record, under our practice, is not sent up—only a transcript. *Supreme Court Rule* 11.

The writ of error does not stay an execution from the Circuit Court unless a bond is given to defendant in error, showing that the Circuit Court still has control of the judgment in that Court.

*Compiled Laws*, Secs. 5333 and 5335, further provides that in case the bond is filed and due notice given, no execution shall issue thereon *during the pendency of the writ of error*, leaving the inference that an execution may issue as soon as the pendency of the writ of error is determined.

Section 5336 of the *Compiled Laws*, further provides that the proceedings upon writs of error shall be according to the course of the common law, as modified by the practice and usage in this State, and such general rules as shall be made by the Supreme Court.

The practice at common law is very clearly pointed out in *Tidd's Practice*, 994 and 995. Where a case is taken from one court of record to another the execution issues out of the court *where the record is*. When a case was taken from the Common Pleas to the King's Bench, the original record was sent up and in that case execu-

tion issued from the King's Bench. But when a case was taken from the King's Bench to the Exchequer Chamber or House of Lords, a transcript only of the record was taken up from the King's Bench, and the execution issued from the King's Bench, *where the original record was.* · A case that was affirmed in the Exchequer Chamber, is reported in *Palmer's Reports*, that was issued in the time of James the First and Charles the First, long before our Revolution. A like case is reported from the House of Lords, in *Cowper's Reports*, in the time of George the Third, shortly after our Revolution. I am not aware of the existence of any practical usage or Supreme Court rule in this State changing the common law practice. On the contrary, so far as I have had any experience, it has been the universal practice in this State, for the execution, in cases of this kind, to issue from the Circuit Court. The practice in New York, as fixed by Rule 28, 6 *Hill*, 633, is the common law practice slightly enlarged upon, in that it provides for the recovery of costs in both the Court of Appeals and the Supreme Court, in the latter Court. The practice in Virginia is fixed by statute, and follows the common law practice substantially. 1 *Robinson's Practice*, 673.

In the State of New York, by Rule 27, found in 6 *Hill*, 632, it is true, the remittitur of record is made to consist of the writ of error and the transcript of the record, all of which must be returned to the Supreme Court, but in the absence of any such rule in this State, the order of the Supreme Court as made in this case is sufficient for this Court to act upon. There can be no mistake as to this suit and the identity of the parties to the suit any more than if the writ of error and the transcript were all returned. The original record is in this Court and has remained here all the time. The Court knows full well what to act upon. The practice in our State will differ from that of the State of New York in this. There, an execution for costs in both the Court of Appeals and the Supreme. Court issued from the Supreme Court. Here an execution must issue from each court upon the judgment made therein. There is nothing in this case indicating that the judgment below is to be included in the judgment of the Supreme Court.

The motion is denied.